The opinion of the Court was read, as drawn up by
Parker C. J.
The whole merit of the pleadings which have ended in the joinder in demurrer to the replication to the second plea, depends, we think, upon the legal meaning of the word indorse as used in St. 1784, c. 28, §11, in which it is enacted, that all original writs shall, before they are served, be indorsed on the back thereof by the plaintiff &c. If the word indorse, ex vi termini, means putting a name on the back oí *125 any instrument or paper, then the addition of the words on “the back thereof” are wholly useless, and are mere surplusage. And we are of opinion that such is the meaning of the word indorse, when used popularly or technically, so that the plaintiff’s averment that the defendant did indorse the writ, comprehends the whole force and meaning of the whole phraseology used in the statute, and is a sufficient answer to the defendant’s plea in that respect. Of course all the causes of demurrer specially set down in regard to this matter must fail.
In regard to the fourth plea, which is demurred to by the plaintiff, it is bad in substance, because a new indorser who comes in upon order of the Court, because the plaintiff or former indorser has departed from the Commonwealth, is substituted for the first, and his liability is coextensive with that of him whose place he takes. Such has always been the practical construction of subrogation, as it may be termed, and it was undoubtedly the intent of the legislature that the party so representing the original indorser should be liable from the beginning of the suit. The words of the act are, “ such new indorser shall be held in the same manner as if the indorsement had been made before the writ was served.”
On the question arising upon the plea of nul tiel record, we are called upon to decide, whether placing the name of the defendant on the copy of the original writ filed in this Court, is an indorsement within the meaning of the statute. The statute requires that a new indorser shall be procured; the defendant offers himself for that purpose ; the original is in another court; he signs his name on the copy, which becomes part of the record or files of the Court. By so doing he becomes the new indorser in the same manner and to the same extent as if he had gone to the-clerk’s office and there put his name on the original. He has used the copy as the original, and ought to be bound by his voluntary act. The clause in the statute, that the agent or attorney who shall so indorse his name on the original writ shall be liable in case of avoidance, has reference to an original indorsement.
In regard to the plaintiff’s replication to the first plea, in which he tenders the issue in the form proper for the defendant *126 and not for the plaintiff, this is probably a professional in actvertency, which would have been instantly cured on suggestion, It is however pointed out as one of the causes of demurrer, and we must therefore consider it in a technical view. In modern times such nicety is very rare. Such an issue, joined by the defendant by a “ similiter,” would have been good, —■ the sense of the thing being the same whether the plaintiff puts himself on the country, or prays that the matter may be inquired of, &c. It is even something less than form, it is a ceremony ; and yet we are hardly willing to say judicially that this conclusion is good in law, for it is well to preserve these formulas in legal proceedings. Mr. Dane, in his Abridgement, c. 181, art. 3, has some sensible remarks on this subject, which he concludes with observing,— “However, as it is essential to preserve the forms of good pleading, as the essence and marrow of the law, the best lawyers and judges have always been attentive to this branch of the law, and though trifling matters of form have of late years been less regarded, yet more material matters of form have been always considered as well deserving of attention.” Under our statute of jeo failes, as it may be termed, (1784, c. 28, § 14), the Court is authorized to order any amendment of matters of form,[1] and considering this as ah error of the slightest kind, we give leave to the plaintiff to amend without any terms, and the defendant may thereupon join the issue tendered, if he sees fit.

 This power of the court to allow amendments, is now extended to matters of substance. See Revised Stat. c. 100, § 22.